OPINION OF THE COURT — by the
How. Chief Justice TURNER.
The attorney general has moved to dismiss the writ of error in this *538 case, on the ground that the plaintiff in error has not given a legal bond or recognizance, which he was required to do by the fiat of the judge who granted the writ of error.
Mr. Gaines, Attorney General for the State;
Mr. Patten for defendant.
On a careful examination of the statutes on this branch of our jurisdiction, we are inclined to think that there is some want of legislation. A writ of error cannot operate as a supersedeas in civil cases, without bond and security,'except in cases of executors and administrators. But a writ of error bond in civil cases is inapplicable to criminal cases. In the former class, the presence of a defendant is not essential; but in certain criminal cases,, the presence of .the accused is required at the time of passing sentence. The statute has required a recognizance for appearance of the accused in criminal cases removed into the Supreme Court by a Circuit Court, under the provisions of the 148th section of the Circuit Court law, Rev. Code, page 138.
In order to give effect to the general provisions of the law in favor of the accused in criminal prosecutions, as the ordinary appeal or writ of error bond is not applicable, we consider that a recognizance for the appearance of the accused in the Supreme Court, in cases of writs of error and super-sedeas, should be taken, corresponding with that provided for in the aforesaid 148th section. But, as a writ of error is a matter of right, we consider that the motion to dismiss the writ of error must be overruled. •
And we are further of opinion that the bond being insufficient, the same, together with the writ of supersedeas, be quashed.